CV 04-605

## ALL PARTIES SETTLEMENT AGREEMENT

This All Parties Settlement Agreement ("Agreement") is entered into by and between DONNA SUSAN TAYLOR-DRANEY, individually and as Trustee of the DONNA SUSAN TAYLOR TRUST, ROBERT W. DRANEY, individually and as Trustee of THE ROBERT W. DRANEY TRUST (hereinafter collectively referred to as "Draneys"), EXCLUSIVE RESORTS, LLC; EXCLUSIVE RESORTS PBL1, LLC (collectively "ER"); PAUOA BAY PROPERTIES, LLC ("PBP"); WHITE SAND BEACH LIMITED PARTNERSHIP ("WSB"); and PAUOA BEACH REALTY, LLC ("PBR"), (collectively the "Parties") on this ___ day of January, 2006.

## WITNESSETH

WHEREAS, on or about October 7, 2004, the Draneys filed a Complaint against ER, PBP, WSB and PBR in the United States District Court for the District of Hawaii ("Hawaii Court"); said action was entitled Draney et al. v. Exclusive Resorts, LLC, et al., Civil No. 04-00605 HG/LEK (the "Litigation"); and

WHEREAS, on or about November 22, 2004, WSB filed its Answer to Complaint; and

WHEREAS, on or about December 2, 2004, WSB filed its First Amended Answer to Complaint and Cross-Claim against ER, PBP and PBR; and

WHEREAS, on or about December 21, 2004, PBP filed an Answer to WSB's Cross-Claim; and

WHEREAS, on or about December 22, 2004 PBR filed an Answer to WSB's Cross-Claim; and

WHEREAS, on or about February 18, 2005, the Draneys filed a First Amended Complaint; and

WHEREAS, on or about February 25, 2005, PBR filed an Answer to First Amended Complaint and Cross-Claim against ER; and

WHEREAS, on or about February 28, 2005, WSB filed an Answer to First Amended Complaint and Cross-Claim against ER, PBP and PBR; and

WHEREAS, on or about March 7, 2005, ER filed an Answer to First Amended Complaint and Cross-Claim against PBR, WSB and PBP; and

WHEREAS, on or about March 7, 2005, PBP filed an Answer to First Amended Complaint; Counterclaim against the Draneys; and Cross-Claim against ER and WSB; and

WHEREAS, on or about March 10, 2005, PBP filed an Answer to ER's Cross-Claim; and

WHEREAS, on or about March 10, 2005 PBR filed an Answer to ER's Cross-Claim; and

52596

WHEREAS, on or about March 11, 2005, PBP filed an Answer to WSB's First Amended Cross-Claim; and

WHEREAS, on or about March 11, 2005, ER filed an Answer to PBR's Cross-Claim; and

WHEREAS, on or about March 14, 2005, ER filed an Answer to WSB's First Amended Cross-Claim; and

WHEREAS, on or about March 18, 2005, PBR filed an Answer to WSB's First Amended Cross-Claim; and

WHEREAS, on or about March 24, 2005, the Draneys' filed an Answer to PBP's Counterclaim; and

WHEREAS, on or about March 28, 2005, ER filed an Answer to PBP's Cross-Claim; and

WHEREAS, on or about March 28, 2005, WSB filed an Answer to PBP's Cross-Claim; and

WHEREAS, on or about March 28, 2005, WSB filed an Answer to ER's Cross-Claim; and

WHEREAS, the Parties have agreed to settle and resolve all claims, counterclaims, and cross-claims which were brought in the Litigation, in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the promises and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.

Except for the rights and obligations created by this Agreement and that certain Supplemental Settlement Agreement referred to in paragraph 7 below, the Draneys hereby forever, completely, and fully release and acquit each of ER, PBP, WSB and PBR and each of their agents, officers, directors, members, partners or subsidiaries of and from any and all claims, damages, liabilities, actions, or causes of action that were asserted in the Litigation.

2.

Except for the rights and obligations created by this Agreement, WSB hereby forever, completely, and fully releases and acquits each of the Draneys, ER, PBP and PBR and each of their agents, officers, directors, members, partners or subsidiaries of and from any and all claims, damages, liabilities, actions, or causes of action that were asserted in the Litigation.

3.

Except for the rights and obligations created by this Agreement, PBR hereby forever, completely, and fully releases and acquits each of the Draneys, ER, PBP, and WSB and each of their agents, officers, directors, members, partners or subsidiaries of and from any and all claims, damages, liabilities, actions, or causes of action that were asserted in the Litigation.

4.

Except for the rights and obligations created by this Agreement, ER hereby forever, completely, and fully releases and acquits each of the Draneys, PBR, WSB, and PBP and each of their agents, officers, directors, members, partners or subsidiaries of and from any and all claims, damages, liabilities, actions, or causes of action that were asserted in the Litigation.

5.

Except for the rights and obligations created by this Agreement, PBP hereby forever, completely, and fully releases and acquits the Draneys, ER, WSB, and PBR and each of their agents, officers, directors, members, partners or subsidiaries of and from any and all claims, damages, liabilities, actions, or causes of action that were asserted in the Litigation.

6.

Nothing in this Agreement shall be construed (a) so as to restrict or limit the authority and ability of the Pauoa Beach Owners Association to enact rules or regulations or to otherwise govern itself and its members, or (b) to affect claims, including cross-claims, asserted in the action designated as *Roaring Lion, LLC, et al. vs. Pauoa Bay Properties LLC, et al.*, Civil No. 04-1-0332 (Third Cir., Haw.).

7.

The Draneys and ER shall, simultaneously with the execution of this Agreement, execute a certain separate agreement (the Supplemental Settlement Agreement, referred to herein as "Supplemental Agreement") that creates rights and obligations only between the Draneys and ER. The execution of said Supplemental Agreement shall be a condition precedent to the provisions of this Agreement becoming effective.

8.

Within two business days after the full execution of this Agreement and the full execution of the Supplemental Agreement, each of the Parties shall execute and cooperate to file in the Hawaii Court a Stipulation for Dismissal with Prejudice, in the form attached as **Exhibit A** hereto.

9.

Other than the statements, representations and warranties contained herein, and in the Supplemental Agreement (which relates only to the Draneys and ER), this Agreement is not based upon any representations or statements of any kind by any Party hereto or any representative of any Party hereto as to the merit, legal liability, or value of any claim or claims released herein, or any other matter relating thereto.

10.

The undersigned hereby acknowledge that by entering into this Agreement they are compromising a disputed claim or claims and they do not admit any liability to one another, and that any and all liability of the Parties released hereby is expressly denied.

11.

Each of the undersigned hereby acknowledges that they are of legal age, sound mind and otherwise competent to execute this Agreement, and represent that they have full authority to execute this Agreement. Telecopier or facsimile copies of original signature pages shall be deemed to be originally signed signature pages for all purposes of this Agreement.

12.

Each of the undersigned further acknowledges that with reference to the Litigation, this Agreement contains all of the agreements of the Parties hereto (except as provided in such separate documents as each of the parties may separately execute and which relate only to the parties signing such document), and that this Agreement supersedes any prior representations or agreements, oral or otherwise, among the Parties hereto concerning the settlement of the Litigation. No supplement, modification, or amendment of this Agreement shall be binding unless executed by the Party to be charged with performance under such supplement, modification or amendment.

13.

Each of the undersigned further acknowledges that this Agreement is a bargained for Agreement among equal parties, that he/she/it has had the advice of competent counsel in drafting and reviewing this Agreement and that he/she/it fully understands the terms and conditions of this Agreement.

14.

Each of the undersigned agrees to pay his/her/its own attorney's fees, expert witness fees and costs and expenses incurred or expended in prosecuting or defending the Litigation, and shall not seek to recover such fees, costs, or expenses from any other party to the Litigation.

15.

This Agreement shall be construed in accordance with the laws of the State of Hawaii. The United States District Court, District of Hawaii, shall be the exclusive forum for the resolution of disputes that may arise under this Agreement, or in any action to apply or enforce the terms of this Agreement, and all parties hereto hereby submit to the jurisdiction of such court.

Agreed to this _____ day of January, 2006.


_____
Donna Susan Taylor-Draney, individually
and as Trustee of the Donna Susan Taylor Trust



_____
Robert W. Draney, individually and as
Trustee of the Robert W. Draney Trust



Exclusive Resorts, LLC, a Delaware limited liability company

By:_____

Print Name: _____

Its: _____



Exclusive Resorts PBL1, LLC, a Delaware limited liability company

By:_____

Print Name: _____

Its: _____



Pauoa Bay Properties, LLC, a Delaware limited liability company

By:_____

Print Name: _____

Its: _____

White Sand Beach Limited Partnership,
a Delaware limited partnership

By: Burgess ML, LLC,
    a Delaware limited liability company,
    Its General Partner

        By: Burgess ML General Partnership,
        a California general partnership
        Its Managing Member


        By _____
           Name:  Paul B. Fay, III
           Title:  General Partner



Pauoa Beach Realty, LLC, a Hawaii limited liability company

By: _____

Print Name: _____

Its: _____



APPROVED AS TO FORM:



_____
TREVOR A. BROWN
Attorney for the Draneys



_____
ROBERT G. KLEIN
LISA W. CATALDO
Attorney for Defendants
**EXCLUSIVE RESORTS, LLC and EXCLUSIVE RESORTS PBL1, LLC**

_____
C. MICHAEL HEIHRE
DENNIS W. CHONG KEE
Attorneys for Defendant
**PAUOA BAY PROPERTIES, LLC**


_____
PHILIP L. DEAVER
AMARA HARRELL
SHARON E. HAR
Attorneys for Defendant
**WHITE SAND BEACH LIMITED PARTNERSHIP**


_____
ROY F. HUGHES
ROSS N. TAOSAKA
Attorneys for Defendant
**PAUOA BEACH REALTY, LLC**

STARN • O'TOOLE • MARCUS & FISHER
A Law Corporation

TREVOR A. BROWN            6539-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
TBrown@starnlaw.com
      Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DONNA SUSAN TAYLOR-DRANEY, individually and as Trustee of THE DONNA SUSAN TAYLOR TRUST, and ROBERT W. DRANEY, individually and as Trustee of THE ROBERT W. DRANEY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>EXCLUSIVE RESORTS, LLC, a Delaware limited liability company; EXCLUSIVE RESORTS PBL1, LLC, a Delaware limited liability company; PAUOA BAY PROPERTIES, LLC, a Delaware limited liability company; WHITE SAND BEACH LIMITED PARTNERSHIP, a Delaware limited partnership; and PAUOA BEACH REALTY, LLC, a Hawaii limited liability company,<br><br>Defendants. | CIVIL NO. 04-00605 HG/LEK<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL CLAIMS, COUNTERCLAIMS, AND CROSS-CLAIMS OF ALL PARTIES.**<br><br>No trial date set. |

**EXHIBIT A**

49270

## STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL CLAIMS, COUNTERCLAIMS, AND CROSS-CLAIMS OF ALL PARTIES.

IT IS HEREBY STIPULATED AND AGREED, by and among each of the parties hereto, through their respective counsel, that all claims, counterclaims, and cross-claims asserted in this action are hereby *dismissed with prejudice.*

This Stipulation is made pursuant to Rule 41(a)(1)(ii) and 41(c) of the Federal Rules of Civil Procedure.

Each party shall bear their own attorneys' fees and costs incurred herein.

There are no remaining parties, claims, and/or issues.

DATED:    Honolulu, Hawaii, _____.


_____
TREVOR A. BROWN
Attorney for Plaintiffs


_____
ROBERT G. KLEIN
LISA W. CATALDO
Attorney for Defendants
**EXCLUSIVE RESORTS, LLC** and
**EXCLUSIVE RESORTS PBL1, LLC**


_____
C. MICHAEL HEIHRE
DENNIS W. CHONG KEE
Attorneys for Defendant
**PAUOA BAY PROPERTIES, LLC**

49270                                    2

_____
PHILIP L. DEAVER
AMARA HARRELL
SHARON E. HAR
Attorneys for Defendant
**WHITE SAND BEACH LIMITED PARTNERSHIP**

_____
ROY F. HUGHES
ROSS N. TAOSAKA
Attorneys for Defendant
**PAUOA BEACH REALTY, LLC**

APPROVED AND SO ORDERED:

_____
THE HONORABLE HELEN GILLMOR
Judge of the Above-Entitled Court

---

*Donna Susan Taylor-Draney, et al. v. Exclusive Resorts, LLC, et al.*; Civil No. 04-00605 HG/LEK; **STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL CLAIMS, COUNTERCLAIMS AND CROSS-CLAIMS OF ALL PARTIES.**

49270                                        3